UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH W. GIBBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No 1:15-cv-1459-TWP-MJD |
| | ) |
| WENDY KNIGHT, Superintendent, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Kenneth W. Gibbs for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 15-06-0257. For the reasons explained in this Entry, Mr. Gibb's habeas petition must be **denied**.

**Discussion**

**Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## I. The Disciplinary Proceeding

On June 16, 2015, Mr. Gibbs was in the custody of the Correctional Industrial Facility in Pendleton, Indiana. On that date, Caseworker Jeremiah Pardue wrote a Conduct Report that charged Mr. Gibbs with security threat group ("STG") in violation of code B-208. The Conduct Report states:

> On June 16, 2015 at approx. 1:00 pm I caseworker Pardue was inspecting [] mail that offender Gibbs, Kenneth #30344 6B-4C had given me. Upon inspecting the mail I determined that the envelopes contained STG material. The items were confiscated and turned into the DHB lockers for review.

[dkt. 7-1].

On June 19, 2015, Mr. Gibbs was notified of the charge and served with a copy of the Conduct Report and a Notice of Disciplinary Hearing "screening report." Mr. Gibbs was notified of his rights and pled not guilty. The Screening Officer noted that Mr. Gibbs refused screening and walked away, as a result he did not request any witnesses or any evidence. [dkt. 7-4].

The hearing officer conducted a disciplinary hearing on June 25, 2015. Mr. Gibbs made the following statement: This is my House and my church. [dkt. 7-7].

The hearing officer found Mr. Gibbs guilty of the charge STG. [dkt. 7-7]. In making the guilty determination, the hearing officer relied on the physical evidence.[1] Based on the hearing officer's recommendation the following sanctions were imposed: a written reprimand, thirty (30) day loss of phone and commissary privileges, thirty (30) day deprivation of earned credit time, and the imposition of a suspended sanction in CIC 15-01-025 of a thirty (30) day deprivation of earned credit time. The hearing officer recommended the sanctions because of the frequency and nature

---

[1] The guilty box on the report of discipline hearing is not checked. However, it is clear from the rest of the report that the hearing officer found Mr. Gibbs guilty. [dkt. 7-7].

of the offense, as well as the likelihood of the sanction having a corrective effect on the offender's future behavior.

On June 28, 2015, Mr. Gibbs appealed to the Facility Head. The Facility Head denied the appeal on June 28, 2015 [dkt. 7-9].

## II.  Analysis

Mr. Gibbs alleges the following errors: 1) the evidence was insufficient to support a guilty finding; 2) he was denied a witness he requested; and, 3) he was denied due process during the disciplinary hearing.

**1.** Mr. Gibbs challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Gibbs alleges the conduct report did not specify what the STG materials were and as a result he was not able to present a defense. He also argues there was no evidence at the disciplinary hearing to support the charge. However, the documents supporting the STG charge were attached to the conduct report. [dkt. 7-2]. Because the documents that formed the basis of the charge were attached to the conduct report, Mr. Gibb's argument that the conduct report did not specify what the materials were is without merit.

More specifically, one of the documents in particular was a request to record a "UCC Financing Statement" to place a $500,000.00 lien on a piece of property in Louisville, Kentucky. [dkt. 7-1, at p. 7]. Facility staff confirmed that the document and activity were consistent with

Sovereign Citizen activity, which is considered domestic terrorism and a "Security Threat Group" within Indiana Department of Correction ("IDOC") [dkt. 7-6]. This evidence is sufficient to support the guilty finding. Mr. Gibbs is not entitled to habeas relief.

    **2**. Next, Mr. Gibbs argues he was denied a witness. Among the basic requirements of due process in a prison disciplinary proceeding is the opportunity for the inmate to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 566. However, the full panoply of rights due a defendant in a criminal prosecution does not apply in prison disciplinary proceedings. *Id.* at 556.

    Mr. Gibbs alleges that his request to call the Superintendent and Assistant Superintendent were denied by the screening officer. [dkt. 1, at p. 6]. An offender's right to present evidence is qualified because "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002).

    Mr. Gibbs has failed to show that the alleged refusal to obtain statements from the Superintendent and Assistant Superintendent was not harmless error. *See Piggie v. Cotton,* 344 F.3d 674, 677–78 (7th Cir. 2003) (determining potential witness' absence was harmless error because the petitioner did not establish that the statement would be helpful); *see also Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings). Here, Mr. Gibbs has not explained what the testimony would have been or how it would have aided his defense. He was not denied due process.

    **3**. Finally, Mr. Gibbs argues that his due process rights were violated when he did not receive a written copy of the report of disciplinary hearing the day of the hearing. One of the safeguards to which an offender is entitled when those proceedings resulted in a lengthened period of imprisonment is a written statement by the fact-finder of the evidence relied on and the reasons

for the disciplinary action. *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 567. Gibbs was entitled to a copy of the report of disciplinary hearing. However, even if he did not receive one on the day of the hearing, there is no due process violation. A due process error is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch,* 513 U.S. 432, 115 S. Ct. 992 (1995). Gibbs was made aware of the disposition, sanction, and right to appeal as evidenced by his signature on the report of disciplinary hearing. [dkt. 7-7]. To be sure, Gibbs filed a timely appeal. [dkt. 7-8]. Mr. Gibbs has shown no prejudice as a result of not being given a copy of the report on the day of the hearing, so any conceivable due process violation was harmless. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011). Moreover, even if true, this fact does not support the award of federal habeas relief because violations of IDOC policy does not entitle anyone to habeas relief. *Colon v. Schneider*, 899 F.2d 660, 672–73 (7th Cir. 1990); *Evans v. McBride*, 94 F.3d 1062 (7th Cir.1996); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995). In addition, Mr. Gibbs was able to exhaust his administrative remedies, and he was not deprived of any due process rights insured by *Wolff*.

Finally, Mr. Gibbs argues that his sanctions were excessive. Under the ADP, allowable sanctions for the most serious offenses, including class B offense #208, include, *inter alia*, up to three months of disciplinary segregation, up to three months of deprivation of earned credit time, and a one grade demotion in credit class. Mr. Gibbs received a thirty (30) day deprivation of earned credit time, and the imposition of a suspended sanction in CIC 15-01-025 a thirty (30) day deprivation of earned credit time which is short of the maximum he could have received. Mr. Gibb's sanctions are well within the allowable range and he is not entitled to

habeas relief.

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Gibbs to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 9/29/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kenneth W. Gibbs, #30344
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel